1  MARK R. THIERMAN (72913)
   THIERMAN LAW FIRM P.C.
2  7287 Lakeside Drive
   Reno, NV 89511
3  Tel: (775) 284-1500; Facsimile: (775) 703-5027

4  JAMES F. CLAPP (145814)
   DOSTART CLAPP & COVENEY, LLP
5  4370 La Jolla Village Dr. Ste. 970
   San Diego, CA 92122
6  Tel: (858) 623-4200; Facsimile: (858) 623-4299

7  H. TIM HOFFMAN (49141)
   ARTHUR W. LAZEAR (83603)
   HOFFMAN & LAZEAR
8  180 Grand Ave. Ste. 1550
   Oakland, CA 94612
9  Tel. (510) 763-5700

10 JOHN M. KELSON (75462)
   LAW OFFICE OF JOHN M. KELSON
11 1970 Broadway, Ste. 940
   Oakland, CA 94612
12 Tel. (510) 465-1326

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUITA BAHRAMIPOUR, AUSTIN HEBERGER, JR., and JANELLA HAIRSTON, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs<br><br>vs.<br><br>CITIGROUP GLOBAL MARKETS, INC., formerly known as SALOMON SMITH BARNEY, INC.<br><br>Defendants. | CASE NO. C 04-04440 CW<br><br>CLASS ACTION<br><br>FIRST AMENDED COMPLAINT FOR:<br><br>1. Restitution of FLSA Overtime Pay: Class A<br>2. Restitution of State Law Overtime Pay: Class A<br>3. Recovery of State Law Overtime Pay: Class A<br>4. Restitution of Wage Deductions: Class A<br>5. Restitution of State Law Overtime Pay: Class B<br>6. Recovery of State Law Overtime Pay: Class B<br>7. Missed Meal Breaks: Classes A and B<br>8. Restitution of Business Expenses: Class C<br>9. Recovery of Business Expenses: Class C<br>10. Waiting Time Penalties: Class D |

FIRST AMENDED CLASS ACTION COMPLAINT                                                        1

## PARTIES

1. Plaintiff GUITA BAHRAMIPOUR, AUSTIN HEBERGER, JR., and JANELLA HAIRSTON are individuals residing in the State of California.

2. Defendant CITIGROUP GLOBAL MARKETS, INC., formerly known as SALOMON SMITH BARNEY, INC., is a foreign corporation doing business in this judicial district.

## JURISDICTION AND VENUE

3. Defendant has removed this lawsuit from the San Francisco County Superior Court to this Court pursuant to 28 U.S.C. section 1441(b).

4. Venue is proper in this judicial district under 28 U.S.C. section 1391(b)(2) because a substantial part of the events or omissions on which the claims are based occurred in this judicial district.

## CLASS ACTION ALLEGATIONS

5. <u>Class Definition.</u> Plaintiffs worked for defendant as Financial Consultants and/or Financial Consultant Trainees (also referred to as Financial Consultant Associates) (collectively "Trainees") in the State of California. Plaintiffs seek to bring this lawsuit as a class action pursuant to Fed. R. Civ. P. 23. The classes that plaintiffs seek to represent are defined as follows:

   5.1. "Class A" consists of all individuals who were employed by defendant as Financial Consultants in the State of California at any time between September 16, 2000 and the present (the "Class Period").

   5.2. "Class B" consists of all individuals who were employed by defendant as Trainees in the State of California during the Class Period and who, for at least some portion of their tenure as Trainees during the Class Period, were classified by defendant as "exempt" employees.

5.3. "Class C" consists of all individuals who were employed by defendant as Financial Consultants or Trainees in the State of California at any time during the Class Period and who, during the Class Period, incurred business-related expenses that were not reimbursed by defendant, including without limitation registration fees, subscriptions, ticket charges, desk fees, seminar costs, advertising or promotional costs, training costs, telephone charges, mailing costs, office supplies, office equipment, wages of the support staff, costs associated with trading errors, costs to settle disputes with customers, and any other business-related costs or expenses that resulted from their employment with defendant.

5.4. "Class D" consists of all members of Class A, Class B, and/or Class C who, between September 16, 2001 and September 16, 2004, ceased their employment with defendant.

6. <u>Ascertainable Class.</u> The proposed classes are ascertainable in that their members can be identified and located using information contained in defendant's payroll and personnel records.

7. <u>Common Questions.</u> Common questions of fact or law exist with respect to the class members, which include but are not limited to the following:

7.1. Whether the members of Class A and Class B receive overtime pay;

7.2. The reasons why defendant classified the members of Class A and Class B as exempt from overtime;

7.3. Whether the members of Class A and Class B regularly work more than 40 hours per week and/or 8 hours per day;

7.4. Whether defendant is a "retail or service establishment";

7.5. Whether the members of Class A and Class B are paid on a salary basis;

7.6. Whether the primary duty of the members of Class A and Class B is performing work that is directly related to the management or general business operations of defendant or defendant's customers;

7.7. Whether the primary duty of the members of Class A and Class B is selling financial products or services;

7.8. Whether the members of Class A and Class B exercise independent judgment and discretion;

7.9. Whether the members of Class C incurred business-related expenses that were not reimbursed by defendant, including without limitation registration fees, subscriptions, ticket charges, desk fees, seminar costs, advertising or promotional costs, training costs, telephone charges, mailing costs, office supplies, office equipment, wages of the support staff, costs associated with trading errors, costs to settle disputes with customers, and any other business-related costs or expenses that resulted from their employment with defendant;

7.10 Whether the business-related expenses incurred by Class C are recoverable under California law;

7.11. Whether defendant timely and fully paid the members of Class D all of the wages they were due in their final paycheck;

7.12. Whether defendant's failure to pay the members of Class D all of the wages they were due in their final paycheck was willful.

8. <u>Numerosity</u>. The plaintiff classes are so numerous that the individual joinder of all members is impractical under the circumstances of this case. Each class consists of well over 100 members.

9. <u>Typicality and Adequacy</u>. Plaintiffs' claims are typical of the claims of the class members. Plaintiffs suffered a similar injury as the other class members as a result of

defendant's common practices regarding the payment of wages. In addition, plaintiffs will fairly and adequately protect the interests of the members of the class. Plaintiffs have no interests that are adverse to the interests of the other class members.

10. <u>Superiority</u>. A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

## FIRST CLAIM

### (Restitution of FLSA Overtime Pay – On Behalf of Class A)

11. Plaintiffs incorporate the allegations contained in paragraphs 1-10.

12. The Fair Labor Standards Act, 29 U.S.C. section 201 <u>et seq</u>. ("FLSA"), states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

13. During the Class Period, Class A members have worked more than 40 hours per week, but were not paid overtime.

14. Defendant is not a "retail or service establishment" under 29 U.S.C. section 207(i) and 29 C.F.R. sections 779.316 and 779.317.

15. Class A members are not exempt under the FLSA's administrative exemption.

16. Class A members are not exempt under the FLSA's professional exemption.

17. Class A members are not exempt under the FLSA's executive exemption.

18. Class A members are not exempt under the FLSA's outside sales exemption.

19. Defendant has committed an act of unfair competition by not paying the required FLSA overtime pay to the members of Class A. Pursuant to Bus. & Prof. Code section 17203, plaintiffs request an order requiring defendant to make restitution of all FLSA overtime pay due to Class A, in an amount to be proved at trial.

## SECOND CLAIM

### (Restitution of State Law Overtime Pay – On Behalf of Class A)

20. Plaintiffs incorporate the allegations contained in paragraphs 1-10.

21. Wage Order 4-2001, 8 C.C.R. section 11040, states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week or 8 per day.

22. During the Class Period, Class A members have worked more than 40 hours per week and/or 8 hours per day, but were not paid overtime.

23. Class A members are not exempt under California's commissioned sales exemption.

24. Class A members are not exempt under California's administrative exemption.

25. Class A members are not exempt under California's professional exemption.

26. Class A members are not exempt under California's executive exemption.

27. Class A members are not exempt under California's outside sales exemption.

28. Defendant has committed an act of unfair competition by not paying the required state law overtime pay to the members of Class A. Pursuant to Bus. & Prof. Code

section 17203, plaintiffs request an order requiring defendant to make restitution of all state law overtime pay due to Class A, in an amount to be proved at trial.

### THIRD CLAIM

**(Recovery of State Law Overtime Pay – On Behalf of Class A)**

29. Plaintiffs incorporate the allegations contained in paragraphs 1-10 and 21-27.

30. Pursuant to California Labor Code section 1194, the members of Class A are entitled to recover their overtime wages due under California law during the applicable limitations period, plus interest, attorney's fees, and costs, in amounts to be proved at trial.

### FOURTH CLAIM

**(Restitution of Wage Deductions – On Behalf of Class A)**

31. Plaintiffs incorporate the allegations contained in paragraphs 1-10.

32. Defendant engages in the following practices with respect to Class A:

32.1. If the Financial Consultant's monthly draw exceeds his or her commissions for that month, defendant carries forward the deficit and recovers it from the Financial Consultant's wages in subsequent months;

32.2 If the Financial Consultant fails to meet his or her target commission rate during the calendar year, defendant retroactively reduces the Financial Consultant's commissions and recovers the deficit from the Financial Consultant's wages in subsequent months.

33. To the extent defendant claims that the monthly draw paid to Class A is a "salary," defendant's practice of recovering a portion of this so-called "salary" from wages in subsequent months violates California Labor Code section 221, 224, and 300, and is, in turn, an act of unfair competition under Bus. & Prof. Code section 17200 et seq. Similarly, defendant's practice of retroactively reducing a Financial Consultant's wages and recovering the deficit from future commissions also violates California Labor Code section 221, 224, and

300, and is, in turn, an act of unfair competition under Bus. & Prof. Code section 17200 et seq. Pursuant to Bus. & Prof. Code section 17203, plaintiffs request an order requiring defendant to make restitution of these illegal wage deductions to Class A, in an amount to be proved at trial.

## FIFTH CLAIM

### (Restitution of State Law Overtime Pay – On Behalf of Class B)

34. Plaintiffs incorporate the allegations contained in paragraphs 1-10 and 21.

35. During the Class Period, Class B members have worked more than 40 hours per week and/or 8 hours per day, but were not paid overtime.

36. During that portion of their tenure as Trainees during the Class Period when they did not receive overtime, Class B members were not exempt under California's commissioned sales exemption.

37. During that portion of their tenure as Trainees during the Class Period when they did not receive overtime, Class B members were not exempt under California's administrative exemption.

38. During that portion of their tenure as Trainees during the Class Period when they did not receive overtime, Class B members were not exempt under California's professional exemption.

39. During that portion of their tenure as Trainees during the Class Period when they did not receive overtime, Class B members were not exempt under California's executive exemption.

40. During that portion of their tenure as Trainees during the Class Period when they did not receive overtime, Class B members were not exempt under California's outside sales exemption.

41. Defendant has committed an act of unfair competition by not paying the required state law overtime pay to the members of Class B. Pursuant to Bus. & Prof. Code section 17203, plaintiffs request an order requiring defendant to make restitution of all state law overtime pay due to Class B, in an amount to be proved at trial.

## SIXTH CLAIM

**(Recovery of State Law Overtime Pay – On Behalf of Class B)**

42. Plaintiffs incorporate the allegations contained in paragraphs 1-11, 21, and 35-40.

43. Pursuant to California Labor Code section 1194, the members of Class B are entitled to recover their overtime wages due under California law during the applicable limitations period, plus interest, attorney's fees, and costs, in amounts to be proved at trial.

## SEVENTH CLAIM

**(Missed Meal Periods – By and on Behalf of Classes A and B)**

44. Plaintiffs incorporate the allegations contained in paragraphs 1-10, 22-27, and 35-40.

45. Wage Order 4-2001, 8 C.C.R. section 11040, states that an employer must provide a non-exempt employee with a meal period in which the employee is completely relieved of duty. Defendant failed to provide the members of Class A and Class B with their required meal periods.

46. Pursuant to California Labor Code section 226.7, the members of Class A and Class B are entitled to one additional hour of pay for each day a meal period was missed during the applicable limitations period, in an amount to be proved at trial.

## EIGHTH CLAIM

**(Restitution of Business Expenses – On Behalf of Class C)**

47. Plaintiffs incorporate the allegations contained in paragraphs 1-10.

48.     The members of Class C incurred business-related expenses that were not reimbursed by defendant, including without limitation registration fees, subscriptions, ticket charges, desk fees, seminar costs, advertising or promotional costs, training costs, telephone charges, mailing costs, office supplies, office equipment, wages of the support staff, costs associated with trading errors, costs to settle disputes with customers, and any other business-related costs or expenses that resulted from their employment with defendant.

49.     Defendant's failure to reimburse these expenses violates California Labor Code section 2802, as well as Labor Code sections 221 and 400-410 as those sections have been interpreted by California case law. As such, defendant has committed an act of unfair competition under Bus. & Prof. Code section 17200 et seq. against Class C.

50.     Pursuant to Bus. & Prof. Code section 17203, plaintiffs request an order requiring defendant to make restitution of all necessary business-related expenses due to Class C, in an amount to be proved at trial.

### NINTH CLAIM

(Recovery of Business Expenses – On Behalf of Class C)

51.     Plaintiffs incorporate the allegations contained in paragraphs 1-10 and 48.

52.     Pursuant to California Labor Code section 2802, the members of Class C are entitled to recover their business expenses, plus interest, attorney's fees, and costs, in amounts to be proved at trial.

### TENTH CLAIM

(Waiting Time Penalties – On Behalf of Class D)

53.     Plaintiffs incorporate the allegations contained in paragraphs 1-52.

54.     Defendant willfully and intentionally failed to pay plaintiffs and the other Class D members all of the wages they were due by the deadlines imposed under California

1 | Labor Code sections 201 and 202. Accordingly, the Class D members are entitled to waiting
2 | time penalties of up to 30 days' pay, in an amount to be proved at trial.

### PRAYER

WHEREFORE, plaintiffs pray for judgment against defendant as follows:

1. For compensatory damages according to proof;
2. For an order requiring defendant to make restitution of all wages, including overtime wages and business expenses, that were illegally withheld;
3. For interest according to proof;
4. For penalties as alleged herein;
5. For reasonable attorney's fees and costs of suit; and
6. For such other relief that the Court deems just and proper.

Dated: January 10, 2006

DOSTART CLAPP & COVENEY, LLP

_____
JAMES F. CLAPP
Attorneys for Plaintiffs

PROOF OF SERVICE
[CCP sections 1012, 1013a(3), 2015.5(b)]

    I am employed in the county of San Diego, State of California. I am over the age of eighteen and am not a party to this case. I am employed in, or am a resident of, the County of San Diego, California, where the mailing occurs; and my business address is: DOSTART CLAPP GORDON & COVENEY, LLP, 4370 La Jolla Village Dr., Ste. 970, San Diego, CA 92122.

    On January 20, 2006, I served the foregoing document(s) described as:

FIRST AMENDED COMPLAINT

on the interested parties in this action addressed to the addressee as follows:

    SEE ATTACHED SERVICE LIST

☒    (BY UNITED STATES POSTAL SERVICE) and placing a true copy thereof in a sealed envelope and personally placing such envelope with postage fully prepaid for deposit in the United States Postal Service, this same day, at my business address shown above, following ordinary business practices. I further declare that I am readily familiar with our business' practice for collection and processing of correspondence for mailing with the United States Postal Service; and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business.

☐    (BY OVERNIGHT MAIL) and placing a true copy thereof in a sealed Overnite Express envelope and personally placing such envelope with postage fully prepaid for deposit in an Overnite Express mailbox for next day delivery, this same day, at my business address shown above, following ordinary business practices. I further declare that I am readily familiar with our business' practice for collection and processing of overnight mail with this Service; and that the correspondence shall be deposited in an official Overnite Express mailbox this same day in the ordinary course of business.

☐    (BY PERSONAL SERVICE) I delivered such envelope by hand to the above named addressee(s).

☐    (BY FACSIMILE) and causing a true copy thereof to be sent via facsimile to the interested parties listed above.

    Executed on <u>January 20, 2006</u>, at San Diego, California.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
TERI L. ZAAYER

SERVICE LIST

Chris A. Hollinger, Esq.
Christopher T. Scanlan, Esq.
O'MELVENY & MYERS LLP
275 Battery Street, 26th floor
San Francisco, CA 94111-3306

Framroze M. Virjee, Esq.
Adam P. Kohsweeney, Esq.
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899

Mark Thierman, Esq.
THIERMAN LAW FIRM
7287 Lakeside Dr.
Reno, NV 89511-7652

H. Tim Hoffman, Esq.
HOFFMAN & LAZEAR
180 Grand Avenue, Suite 1550
Oakland, CA 94612

John M. Kelson, Esq.
LAW OFFICES OF JOHN M. KELSON
180 Grand Avenue, Suite 1550
Oakland, CA 94612